IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

HARMONY BIOSCIENCES )
MANAGEMENT, INC., HARMONY )
BIOSCIENCES, LLC, BIOPROJET SOCIÉTÉ )
CIVILE DE RECHERCHE and )
BIOPROJET PHARMA SAS, )
 )
             Plaintiffs, )
 )
        v. )    C.A. No. _____
 )
LUPIN LIMITED and LUPIN )
PHARMACEUTICALS, INC., )
 )
             Defendants. )

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Harmony Biosciences Management, Inc., Harmony Biosciences, LLC, Bioprojet Société Civile de Recherche ("Bioprojet SCR"), and Bioprojet Pharma SAS ("Bioprojet Pharma") (collectively, "Plaintiffs"), by their undersigned attorneys, bring this action against Defendants Lupin Limited and Lupin Pharmaceuticals, Inc. (collectively, "Lupin"), and hereby allege as follows:

## NATURE OF THE ACTION

1. This action for patent infringement, brought pursuant to the patent laws of the United States, 35 U.S.C. § 1, *et seq*., arises from Lupin's submission of Abbreviated New Drug Application ("ANDA") No. 218846 to the United States Food and Drug Administration ("FDA"), seeking approval to market generic versions of the pharmaceutical product WAKIX® (pitolisant hydrochloride) tablets prior to the expiration of U.S. Patent Nos. 8,486,947 ("the '947 patent") and 8,207,197 ("the '197 patent") (collectively, "the Asserted Patents").

## WAKIX® AND THE ASSERTED PATENTS

2.    WAKIX® is a first-in-class drug indicated for the treatment of excessive daytime sleepiness ("EDS") or cataplexy in adult patients with narcolepsy.

3.    Narcolepsy is a debilitating disease that can severely affect a patient's day-to-day functioning and can have a devastating impact on quality of life.

4.    WAKIX®'s active ingredient, pitolisant hydrochloride, is an antagonist/inverse agonist of the histamine-3 (H3) receptor.

5.    WAKIX® first received FDA approval on August 14, 2019. It is the first FDA-approved H3 receptor antagonist/inverse agonist and the first and only FDA-approved once-daily tablet for treatment of EDS and cataplexy in narcolepsy. It is the only FDA-approved treatment for EDS and cataplexy in narcolepsy that is not a scheduled controlled substance.

6.    WAKIX® was granted orphan drug exclusivity for the treatment of EDS in adult patients with narcolepsy and for the treatment of cataplexy in adult patients with narcolepsy; fast track designation for the treatment of EDS and cataplexy in patients with narcolepsy; and breakthrough therapy designation for the treatment of cataplexy in people with narcolepsy.

7.    WAKIX®'s orphan drug exclusivity for the treatment of EDS in adult patients with narcolepsy expires on August 14, 2026.

8.    WAKIX®'s orphan drug exclusivity for the treatment of cataplexy in adult patients with narcolepsy expires on October 13, 2027.

9.    WAKIX® is available in film-coated tablets containing 5 mg or 20 mg of pitolisant hydrochloride (equivalent to 4.45 mg or 17.8 mg of pitolisant free base, respectively).

10.    The '947 patent is entitled "Treatment of Parkinson's Disease, Obstructive Sleep Apnea, Dementia with Lewy Bodies, Vascular Dementia with Non-Imidazole Alkylamines

Histamine H$_3$-Receptor Ligands," and was duly and lawfully issued by the USPTO on July 16, 2013. The '947 patent is attached hereto as Exhibit A.

11.     The '197 patent is entitled "Monohydrochloride Salt of 1-[3-[3-(4-Chlorophenyl) Propoxy]Propyl] -Piperidine," and was duly and lawfully issued by the USPTO on June 26, 2012. The '197 patent is attached hereto as Exhibit B.

12.     The '947 and '197 patents are listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* (an FDA publication commonly known as the "Orange Book") for WAKIX®.

## THE PARTIES

13.     Plaintiff Harmony Biosciences Management, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 630 W Germantown Pike, Suite 215, Plymouth Meeting, PA 19462, USA. Harmony Biosciences Management, Inc. is the exclusive licensee of the Asserted Patents and the holder of New Drug Application ("NDA") No. 211150 for WAKIX®.

14.     Plaintiff Harmony Biosciences, LLC is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 630 W Germantown Pike, Suite 215, Plymouth Meeting, PA 19462, USA. Harmony Biosciences, LLC and Harmony Biosciences Management, Inc. are engaged in the clinical development of WAKIX®; and market, distribute, and sell WAKIX® tablets in the United States.

15.     Plaintiff Bioprojet SCR is an independent, privately owned company organized and existing under the laws of France, having a place of business at 7, rue Rameau, 75002, Paris, France. Bioprojet SCR is the assignee and owner of the Asserted Patents.

3

16.    Plaintiff Bioprojet Pharma is a wholly owned subsidiary of Bioprojet SCR, existing under the laws of France, having a place of business at 9, rue Rameau, 75002, Paris, France. Bioprojet Pharma was involved in commercialization efforts.

17.    On information and belief, Defendant Lupin Limited is a corporation organized and existing under the laws of India, having its principal place of business Kalpataru Inspire, 3rd Floor, Off. Western Expressway, Santacruz (East), Mumbai 400 005, India.

18.    On information and belief, Defendant Lupin Pharmaceuticals, Inc. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 111 S. Calvert Street, 21st Floor, Baltimore, Maryland 21202.

19.    On information and belief, Defendant Lupin Pharmaceuticals, Inc. acts at the direction, and for the benefit, of Lupin Limited, and is controlled and/or dominated by Lupin Limited.

20.    Lupin Limited and Lupin Pharmaceuticals, Inc. collaborate with respect to the development, regulatory approval, marketing, sale, and/or distribution of pharmaceutical products. On information and belief, Lupin Limited and Lupin Pharmaceuticals, Inc. are agents of one another and/or operate in concert as integrated parts of the same business group, and enter into agreements with each other that are nearer than arm's length.

21.    On information and belief, Lupin Limited and Lupin Pharmaceuticals, Inc. caused ANDA No. 218846 ("Lupin ANDA") to be submitted to FDA and seek approval of that application to permit Lupin to market generic versions of WAKIX® tablets in the United States.

22.    On information and belief, Lupin Limited and Lupin Pharmaceuticals, Inc. acted collaboratively in the preparation and submission of ANDA No. 218846 and continue to act

collaboratively in pursuing FDA approval of ANDA No. 218846 and seeking to market the proposed generic pitolisant hydrochloride tablets described in that application.

23.     On information and belief, Lupin Limited and Lupin Pharmaceuticals, Inc. intend to commercially manufacture, market, offer for sale, and sell the products described in ANDA No. 218846 ("Lupin ANDA Products") throughout the United States, including in the State of Delaware, in the event FDA approves the Lupin ANDA.

24.     On information and belief, Lupin Limited and Lupin Pharmaceuticals, Inc. rely on material assistance from each other to market, distribute, offer for sale, and/or sell generic drugs in the U.S. market, including in the State of Delaware. On information and belief, Lupin Limited and Lupin Pharmaceuticals, Inc. intend to act collaboratively to commercially manufacture, market, distribute, offer for sale, and/or sell the Lupin ANDA Products, in the event FDA approves the Lupin ANDA.

## JURISDICTION AND VENUE

25.     This civil action for patent infringement arises under the patent laws of the United States, including 35 U.S.C. § 271, and alleges infringement of the Asserted Patents. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338.

26.     This Court has personal jurisdiction over Lupin Pharmaceuticals, Inc. because it is a corporation organized and existing under the laws of the State of Delaware.

27.     Additionally, this Court has personal jurisdiction over Lupin because, on information and belief, Lupin, *inter alia*, has continuous and systematic contacts with the State of Delaware; regularly conducts business in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos; has purposefully availed itself of the privilege of doing business in the State of Delaware; and intends to sell the Lupin ANDA Products in the State of Delaware upon approval of the Lupin ANDA.

28.     On information and belief, Lupin is in the business of manufacturing, marketing, importing, distributing, and selling pharmaceutical drug products, including generic drug products, either directly or through subsidiaries, agents, and/or alter egos, throughout the United States, including in Delaware.

29.     On information and belief, Lupin is licensed to sell pharmaceutical products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

30.     Lupin has committed, or aided, abetted, contributed to, and/or participated in the commission of, acts of infringement of one or more of the Asserted Patents that will lead to foreseeable harm and injury to Plaintiffs. On information and belief, and as indicated by letters dated September 27, 2023 ("Lupin's September 27, 2023 Notice Letter") and December 12, 2024 ("Lupin's December 12, 2024 Notice Letter"), Lupin prepared and filed the Lupin ANDA with the intention of seeking to market the Lupin ANDA Products nationwide, including in Delaware.

31.     On information and belief, Lupin plans to sell the Lupin ANDA Products in the State of Delaware, list the Lupin ANDA Products on the State of Delaware's prescription drug formulary, and seek Medicaid reimbursements for sales of the Lupin ANDA Products in the State of Delaware, either directly or through one or more of its wholly owned subsidiaries, agents, and/or alter egos.

32.     On information and belief, Lupin knows and intends that the Lupin ANDA Products will be distributed and sold in the State of Delaware and will thereby displace sales of WAKIX®, causing injury to Plaintiffs. Lupin intends to take advantage of its established channels of distribution in Delaware for the sale of the Lupin ANDA Products.

33.    Lupin has engaged in patent litigation concerning FDA-approved drug products in Delaware and has not contested personal jurisdiction or venue in Delaware in such litigation. *See, e.g., Amicus Therapeutics US, LLC et al. v. Teva Pharmaceuticals USA, Inc. et al.*, No. 22-1461, D.I. 50 (D. Del. June 22, 2023); *Neurocrine Biosciences, Inc. v. Lupin Limited et al.*, No. 22-1061, D.I. 6 (D. Del. Sept. 9, 2022); *ZS Pharma, Inc. et al. v. Lupin Limited et al.*, No. 22-1055, D.I. 19 (D. Del. Oct. 7, 2022); *Harmony Biosciences, LLC et al. v. Lupin Limited et al.*, No. 23-1286, D.I. 19 (D. Del. Feb. 26, 2024).

34.    Alternatively, this Court has personal jurisdiction over Lupin Limited because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as (a) Plaintiffs' claims arise under federal law; (b) Lupin Limited is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Lupin Limited has sufficient contacts in the United States as a whole, including, but not limited to, participating in the preparation and submission of the Lupin ANDA, and/or manufacturing and/or selling pharmaceutical products throughout the United States including in Delaware, such that this Court's exercise of jurisdiction over Lupin Limited satisfies due process.

35.    Venue is proper in this district for Lupin Pharmaceuticals, Inc. pursuant to 28 U.S.C. § 1400(b) because, *inter alia,* it is a corporation organized and existing under the laws of the State of Delaware.

36.    Venue is proper in this district for Lupin Limited pursuant to 28 U.S.C. §§ 1391(c)(3) and 1400(b) because, *inter alia,* it is a corporation organized and existing under the laws of the Republic of India and may be sued in any judicial district, and is subject to personal jurisdiction in Delaware.

## LUPIN'S ANDA NO. 218846

37.    Lupin has submitted ANDA No. 218846 to FDA, or caused ANDA No. 218846 to be submitted to FDA under 21 U.S.C. § 355(j), in order to obtain approval to engage in the commercial manufacture, use, or sale of pitolisant hydrochloride tablets as a purported generic version of WAKIX® prior to the expiration of the Asserted Patents.

38.    Lupin sent a letter to Harmony and Bioprojet, dated September 27, 2023, identified as "Notice of Paragraph IV Certification Regarding NDA 211150 Pitolisant Hydrochloride Tablets (eq. 4.45 mg base; eq. 17.8 mg base) with respect to U.S. Patent Nos. 8,486,947 and 8,207,197." Lupin's September 27, 2023 Notice Letter represented that Lupin had submitted to FDA the Lupin ANDA and Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the Lupin ANDA before the expiration of the Asserted Patents listed in the Orange Book for WAKIX®. Thus, Lupin's purpose in submitting the Lupin ANDA is to manufacture and market the Lupin ANDA Products before the expiration of the Asserted Patents.

39.    Lupin's September 27, 2023 Notice Letter stated that the Paragraph IV certification in the Lupin ANDA alleges that the Asserted patents are invalid, unenforceable, and/or will not be infringed by the commercial manufacture, use, or sale of the Lupin ANDA Products.

40.    According to applicable regulations, Notice Letters such as Lupin's must contain a detailed statement of the factual and legal basis for the applicant's opinion that the patent is invalid, unenforceable, or not infringed which includes a claim-by-claim analysis, describing "for each claim of a patent alleged not to be infringed, a full and detailed explanation of why the claim is not infringed" and "for each claim of a patent alleged to be invalid or unenforceable, a full and detailed explanation of the grounds supporting the allegation." *See* 21 C.F.R. § 314.95(c)(7); *see* 21 C.F.R. § 314.52.

41.     Lupin's September 27, 2023 Notice Letter contained a purported detailed statement of the factual and legal basis for its Paragraph IV certification ("Lupin's September 27, 2023 Detailed Statement").

42.     Lupin's September 27, 2023 Detailed Statement did not dispute infringement of Claims 1–5 or 10–14 of the '947 patent.

43.     Lupin's September 27, 2023 Detailed Statement did not dispute infringement of any claim of the '197 patent.

44.     On November 9, 2023, Plaintiffs filed related action *Harmony Biosciences, LLC et al.  v. Lupin Limited et al.*, No. 1:23-cv-1286 (JLH) (D. Del.) against, *inter alia*, Lupin for patent infringement of the Asserted Patents arising from its ANDA No. 218846 submission.

45.     Lupin sent a second Notice Letter to Harmony and Bioprojet dated December 12, 2024. Lupin's December 12, 2024 Notice Letter represented that Lupin had submitted to FDA the Lupin ANDA and a Paragraph IV certification to obtain approval to engage in the commercial manufacture, use, or sale of the products described in the Lupin ANDA before the expiration of the Asserted Patents listed in the Orange Book for WAKIX®. Thus, Lupin's purpose in submitting the Lupin ANDA remains to manufacture and market the Lupin ANDA Products before the expiration of the Asserted Patents.

46.     Lupin's December 12, 2024 Notice Letter still does not dispute infringement of Claims 1–5 or 10–14 of the '947 Patent.

47.     On information and belief, Lupin was responsible for the submission of the Lupin ANDA, has participated in the preparation and submission of the Lupin ANDA, has provided material support to the preparation and submission of the Lupin ANDA, and intends to support the further prosecution of the Lupin ANDA.

48.     If FDA approves the Lupin ANDA, Lupin will manufacture, offer for sale, or sell the Lupin ANDA Products within the United States, including within Delaware, or will import the Lupin ANDA Products into the United States, including Delaware.

49.     If FDA approves the Lupin ANDA, the manufacture, use, offer for sale, sale, or importation of the Lupin ANDA Products will directly infringe the Asserted Patents, and Lupin will actively induce or contribute to the manufacture, use, offer for sale, or sale of the Lupin ANDA Products within the United States, including within Delaware.

50.     With the submission of the Lupin ANDA, Lupin seeks approval of a drug claimed in a patent or the use of which is claimed in a patent with the purpose of obtaining approval to engage in the commercial manufacture, use, or sale of the Lupin ANDA Products before the expiration of such patent (here, the Asserted Patents). Thus, Lupin has committed an act of infringement under 35 U.S.C. § 271(e)(2)(A). If Lupin engages in the commercial manufacture, use, offer to sell, sale, or importation of the Lupin ANDA Products prior to the expiration of the Asserted Patents, it will infringe, contribute to the infringement of, and/or induce the infringement of the claims in the Asserted Patents under one or more of 35 U.S.C. § 271(a), (b), and/or (c).

51.     This action is being filed within forty-five days of Plaintiffs' receipt of Lupin's December 12, 2024 Notice Letter, pursuant to 21 U.S.C. § 355(j)(5)(B)(iii).

## COUNT I
## INFRINGEMENT OF THE '947 PATENT

52.     Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

53.     On information and belief, Lupin has submitted or caused the submission of the Lupin ANDA to FDA and continues to seek FDA approval of the Lupin ANDA.

54.     Plaintiffs own all rights, title, and interest in and to the '947 patent.

55.     Lupin did not dispute infringement of Claims 1–5 or 10–14 of the '947 patent in its September 27, 2023 and December 12, 2024 Notice letters. If Lupin had a factual or legal basis to contest infringement of Claims 1–5 and 10–14 of the '947 patent, it was required by applicable regulations to state such a basis in its Notice Letters. *See* 21 C.F.R. § 314.95(c)(7); 21 C.F.R. § 314.52.

56.     Lupin has infringed at least Claims 1–5 and 10–14 of the '947 patent.

57.     According to Lupin's September 27, 2023 and December 12, 2024 Notice Letters, the Lupin ANDA Products contain pitolisant hydrochloride.

58.     According to Lupin's September 27, 2023 and December 12, 2024 Notice Letters, the proposed package insert for the Lupin ANDA Products states that it will be indicated for the treatment of excessive daytime sleepiness ("EDS") in adult patients with narcolepsy.

59.     Lupin has infringed at least the above claims of the '947 patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Lupin ANDA and seeking FDA approval of the Lupin ANDA prior to the expiration of the '947 patent.

60.     On information and belief, the importation, manufacture, sale, offer for sale, or use of the Lupin ANDA Products prior to the expiration of the '947 patent would infringe the '947 patent under 35 U.S.C. § 271(a), and/or Lupin would induce the infringement of and/or contribute to the infringement of the '947 patent under 35 U.S.C. § 271(b) and/or (c).

61.     The importation, manufacture, sale, offer for sale, or use of the Lupin ANDA Products in the United States, including in the State of Delaware, would directly infringe the '947 patent.

62.     Upon FDA approval of the Lupin ANDA, Lupin will market and distribute the Lupin ANDA Products to resellers, pharmacies, health care professionals, and end users of the

Lupin ANDA Products. Accompanying the Lupin ANDA Products, Lupin will also knowingly and intentionally include a product label and insert containing instructions for administering the Lupin ANDA Products. Accordingly, Lupin will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Lupin ANDA Products to directly infringe the '947 patent. In addition, on information and belief, Lupin will encourage acts of direct infringement with knowledge of the '947 patent and knowledge that it is encouraging infringement. Lupin's conduct would intentionally actively induce and/or contribute to the infringement of the '947 patent.

63.      Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 218846, Lupin will make, use, offer to sell, or sell the Lupin ANDA Products within the United States, or will import the Lupin ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of the claims of the '947 patent.

64.      Lupin had actual knowledge of the '947 patent prior to submitting the Lupin ANDA, was aware that the submission of the Lupin ANDA with the request for FDA approval prior to the expiration of the '947 patent would constitute an act of infringement of the '947 patent, and was aware that use of the Lupin ANDA Products in accordance with its proposed labeling and/or packet insert would constitute an act of infringement of the '947 patent.

65.      Lupin submitted the Lupin ANDA without a reasonable basis for asserting the '947 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Lupin ANDA Products. Lupin did not dispute infringement of Claims 1–5 or 10–14 of the '947 patent. Lupin's conduct in certifying invalidity, unenforceability, and/or non-infringement with respect to the '947 patent renders this case "exceptional" under 35 U.S.C. § 285.

66.     Plaintiffs will be irreparably harmed if Lupin is not enjoined from infringing the '947 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Lupin, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## COUNT II
## INFRINGEMENT OF THE '197 PATENT

67.     Plaintiffs incorporate by reference the foregoing paragraphs as if fully set forth herein.

68.     On information and belief, Lupin has submitted or caused the submission of the Lupin ANDA to FDA and continues to seek FDA approval of the Lupin ANDA.

69.     Plaintiffs own all rights, title, and interest in and to the '197 patent.

70.     Lupin did not dispute infringement of any claim of the '197 patent in its September 27, 2023 Notice Letter. If Lupin had a factual or legal basis to contest infringement of any claim of the '197 patent, it was required by applicable regulations to state such a basis in its Notice Letters. *See* 21 C.F.R. § 314.95(c)(7); 21 C.F.R. § 314.52.

71.     On information and belief, Lupin has infringed at least Claim 1 of the '197 patent.

72.     On information and belief, Lupin has infringed the '197 patent under 35 U.S.C. § 271(e)(2)(A) by submitting the Lupin ANDA and seeking FDA approval of the Lupin ANDA prior to the expiration of the '197 patent.

73.     On information and belief, the importation, manufacture, sale, offer for sale, or use of the Lupin ANDA Products prior to the expiration of the '197 patent would infringe the '197 patent under 35 U.S.C. § 271(a), and/or Lupin would induce the infringement of and/or contribute to the infringement of the '197 patent under 35 U.S.C. § 271(b) and/or (c).

74.     On information and belief, if the Lupin ANDA is approved, Lupin and its affiliates will make, offer for sale, sell, or otherwise distribute the Lupin ANDA Products in the United States, including in the State of Delaware, directly infringing the '197 patent.

75.     On information and belief, upon FDA approval of the Lupin ANDA, Lupin will market and distribute the Lupin ANDA Products to resellers, pharmacies, health care professionals, and end users of the Lupin ANDA Products. Accompanying the Lupin ANDA Products, Lupin will also knowingly and intentionally include a product label and insert containing instructions for administering the Lupin ANDA Products. Accordingly, Lupin will induce physicians and other health care professionals, resellers, pharmacies, and end users of the Lupin ANDA Products to directly infringe the '197 patent. In addition, on information and belief, Lupin will encourage acts of direct infringement with knowledge of the '197 patent and knowledge that it is encouraging infringement. Lupin's conduct would intentionally actively induce and/or contribute to the infringement of the '197 patent.

76.     Accordingly, unless enjoined by this Court, upon FDA approval of ANDA No. 218846, Lupin will make, use, offer to sell, or sell the Lupin ANDA Products within the United States, or will import the Lupin ANDA Products into the United States, and will thereby contribute to the infringement of and/or induce the infringement of the '197 patent.

77.     Lupin had actual knowledge of the '197 patent prior to submitting the Lupin ANDA and was aware that the submission of the Lupin ANDA with the request for FDA approval prior to the expiration of the '197 patent would constitute an act of infringement of the '197 patent.

78.     Lupin submitted the Lupin ANDA without a reasonable basis for asserting the '197 patent to be invalid, unenforceable, and/or not infringed by the commercial manufacture, use, offer for sale, or sale of the Lupin ANDA Products. Lupin's conduct in certifying invalidity,

unenforceability, and/or non-infringement with respect to the '197 patent renders this case "exceptional" under 35 U.S.C. § 285.

79.     Plaintiffs will be irreparably harmed if Lupin is not enjoined from infringing the '197 patent. Plaintiffs do not have an adequate remedy at law and, considering the balance of hardships between Plaintiffs and Lupin, a remedy in equity is warranted. Further, the public interest would not be disserved by the entry of a permanent injunction.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request the following relief:

A.     A judgment that Lupin has infringed one or more claims of the Asserted Patents patents under 35 U.S.C. § 271(e)(2)(A);

B.     A judgment that, under one or more of 35 U.S.C. § 271(a), (b), and/or (c), Lupin's commercial manufacture, use, offer for sale, or sale in, or importation into, the United States of the Lupin ANDA Products, or inducing or contributing to such conduct, would constitute infringement of one or more claims of the Asserted Patents;

C.     The entry of an order, pursuant to 35 U.S.C. § 271(e)(4)(A), that the effective date of any FDA approval of Lupin's ANDA No. 218846 shall be no earlier than the expiration date of the Asserted Patents, or any later expiration of exclusivity for the Asserted Patents, including any extensions or regulatory exclusivities;

D.     A permanent injunction restraining and enjoining Lupin, its affiliates and subsidiaries, and all persons and entities acting in concert with Lupin, from commercially manufacturing, using, offering for sale, or selling or importing into the United States the Lupin ANDA Products, until the day after expiration of the Asserted Patents, including any additional exclusivity period applicable to those patents, and from otherwise infringing the claims of the Asserted Patents.

E.      An award of damages or other relief, pursuant to 35 U.S.C. § 271(e)(4)(C), if Lupin

engages in the commercial manufacture, use, offer for sale, sale, and/or importation of the Lupin

ANDA Products, or any product that infringes the Asserted Patents, or induces or contributes to

such conduct, prior to the expiration of the Asserted Patents, or any later expiration of exclusivity

for the Asserted Patents, including any extensions or regulatory exclusivities;

F.      The entry of a judgment declaring that Lupin's acts render this case an exceptional

case and awarding Plaintiffs their attorneys' fees pursuant to 35 U.S.C. §§ 271(e)(4) and 285;

G.      An award to Plaintiffs of their costs and expenses in this action; and

H.      Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Jeremy A. Tigan*

_____
Jeremy A. Tigan (#5239)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
jtigan@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Christopher N. Sipes
Erica N. Andersen
Brianne Bharkhda Sullivan
Sarahi Uribe
Pierre Anquetil
Elaine Nguyen
Sarah Kratt
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street NW
Washington, DC 20001-4956
(202) 662-6000

Alexa Hansen
COVINGTON & BURLING LLP
Salesforce Tower
415 Mission Street, Ste. 5400
San Francisco, CA 94105
(415) 591-6000

Yiye Fu
COVINGTON & BURLING LLP
3000 El Camino Real
5 Palo Alto Square, 10th Floor
Palo Alto, CA 94306
(650) 632-4700

January 24, 2025